IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| AMANDA JONES, | : |
| Plaintiff, | : |
| v. | : No. 5:17-CV-100-CAR |
| WAL-MART STORES EAST, L.P., and JOHN DOES Nos. 1-10, | : |
| Defendants. | : |

## ORDER ON PLAINTIFF'S MOTION TO REMAND AND MOTION TO QUASH SUBPOENA

Before the Court is Plaintiff Amanda Jones's Motion to Remand this premises liability case to the State Court of Bibb County. Having considered the record, the parties' arguments, and the relevant law, the Court finds Defendant Wal-Mart's removal of this action was timely and properly filed pursuant to this Court's diversity jurisdiction. Accordingly, the Court **HEREBY DENIES** Plaintiff's Motion to Remand [Doc. 7]. The Court also **DENIES** as **MOOT** Plaintiff's Motion to Quash Subpoena [Doc 8].[1]

### BACKGROUND

According to the Complaint, on June 10, 2014, Plaintiff suffered personal injuries after she slipped and fell in the Wal-Mart Supercenter on Gray Highway in

---
[1] After Plaintiff filed her Motion to Quash, Defendant withdrew the subpoena. [Doc 10].

Macon, Georgia. On April 22, 2016, within the two-year statute of limitations, Plaintiff filed her Complaint in the State Court of Bibb County, seeking damages for her past and future medical expenses, lost wages, and pain and suffering as a result of Defendants' alleged negligence. In her Complaint, Plaintiff does not specify the amount in controversy. She alleges she incurred medical expenses in excess of $13,000, as well as lost wages.[2]

On May 25, 2016, Plaintiff served her Response to Defendant's First Requests for Admissions. Defendant sought admissions that Plaintiff "will not seek, recover or collect from Defendant . . . a sum in excess of $75,000."[3] Plaintiff responded with "Denied."[4]

On November 30, 2016, Plaintiff served her First Supplemental Response to Defendant's First Interrogatories and Request for Production (the "First Supplemental Response"). Defendant requested Plaintiff list the medical expenses resulting from her injury. Plaintiff listed medical expenses totaling $50,588, as well as four pending medical bills of unspecified amounts.[5]

On February 22, 2017, Plaintiff's counsel informed Defendant's counsel that Plaintiff had recently undergone additional medical procedures.[6] On March 13,

---

[2] Complaint, ¶ 7 [Doc. 1-3, p. 2].
[3] Plaintiff's Response to Defendant's First Request for Admission of Fact [Doc. 7-3].
[4] *Id.*
[5] Plaintiff's First Supplemental Response to Defendant's First Interrogatories and Request for Production [Doc. 7-4, p. 2].
[6] Email Exchange [Doc. 1-2].

2

2017—nineteen days later—Defendant removed the action pursuant to this Court's diversity jurisdiction. Thereafter, Plaintiff timely filed her Motion to Remand. Plaintiff does not dispute that the requirements for diversity jurisdiction in this case are met. Instead, Plaintiff argues this case must be remanded because Defendant's removal was untimely.

## DISCUSSION

A civil action filed in a state court may be removed to a district court if the action falls within the federal courts' original jurisdiction. Federal district courts have original jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds the sum or value of $75,000.00.[7] Plaintiff here concedes the parties are diverse, and the amount in controversy is met; thus, she does not challenge the sufficiency of removal pursuant to 28 U.S.C. § 1332. Instead, she argues remand is required because the removal is untimely under 28 U.S.C. § 1446.

Pursuant to 28 U.S.C. § 1446(b)(3), a defendant may remove a case that was not initially removable. The defendant must remove the case within 30 days of being put on notice the case is removable.[8] A defendant may be put on notice of removal by a pleading, motion, order, or "other paper."[9]

Here, Plaintiff first contends the denials stated in her Response to Defendant's

---

[7] 28 U.S.C. § 1332(a)(1).
[8] 28 U.S.C. § 1446(b)(3).
[9] *Id.*

3

First Requests for Admissions served on May 25, 2016, sufficiently placed Defendant on notice that the amount in controversy exceeded $75,000.00, and thus Defendant should have removed this case by June 25, 2016. The Court disagrees. To provide notice of removability, the "other paper" "must contain an unambiguous statement that clearly establishes federal jurisdiction."[10] Plaintiff's denials do not constitute such a clear and unambiguous statement.[11]

Second, Plaintiff contends the list of medical expenses in her First Supplemental Response served on November 30, 2016, sufficiently placed Defendant on notice that the amount in controversy exceeded $75,000.00, and thus Defendant should have removed this case by December 30, 2016. Again, the Court disagrees. Plaintiff's list of medical expenses in her First Supplemental Response totaled $50,588, plus four unspecified expenses.[12] This amount "is obviously below the $75,000 amount-in-controversy requirement" and thus does not constitute a clear and unambiguous statement of federal jurisdiction.[13] Before learning of Plaintiff's additional medical procedures on February 22, 2017, Defendant had no clear and unambiguous evidence the amount in controversy exceeded $75,000.00. Accordingly, Defendant timely

---

[10] *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n. 63 (11th Cir. 2007) (citation omitted).
[11] *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) (explaining plaintiff's refusal to stipulate that her claims do not exceed $75,000 is insufficient to establish diversity jurisdiction); *Marquez v. Wal-Mart Stores, Inc.*, No. 5:15-CV-293 (CAR), 2015 WL 6692247, at *2 (M.D. Ga. 2015).
[12] Plaintiff's First Supplemental Response [Doc. 7-4, p. 2].
[13] *Cameron v. Teeberry Logistics, LLC*, 920 F. Supp. 2d 1309, 1313 (N.D. Ga. 2013) (holding plaintiff's list of medical expenses totaling $62,432.25 "did not contain an unambiguous statement" that the expenses would exceed $75,000).

4

removed this case.

## CONCLUSION

For the reasons set forth above, the Court **HEREBY DENIES** Plaintiff's Motion to Remand [Doc. 7], and **DENIES** as **MOOT** Plaintiff's Motion to Quash Subpoena [Doc 8].

**SO ORDERED,** this 8th day of June, 2017.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

TAC/ssh