# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| AMANDA JONES,<br><br>*Plaintiff,*<br><br>v.<br><br>WAL-MART STORES EAST, LP,<br><br>*Defendant*. | CIVIL ACTION NO.<br>5:17-cv-00100-TES |

**ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL**

After the jury returned a verdict in favor of Defendant Wal-Mart Stores East, LP, Plaintiff Amanda Jones filed a Motion for New Trial [Doc. 95]. The jury disagreed with Plaintiff that Wal-Mart was at fault for the injuries she sustained while she was picking up a delivery for her employer, Middle Georgia Food Bank. *See* [Doc. 65, p. 4]. Plaintiff sustained her injuries as she was traversing through a door into Wal-Mart's stock room and fell backwards onto a large box resting on a pallet.

One avenue by which a motion for new trial may be granted is for "substantial errors in admission or rejection of evidence." [Doc. 99, p. 1 (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 234, 251 (1940))]. Relying on Federal Rule of Civil Procedure 59(a)(1)(A),[1] Plaintiff contends that the Court erred when it prevented her from

---

[1] "The court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P. 59(a)(1)(A).

introducing an Occupational Safety and Health Administration ("OSHA") regulation relating to the condition of Wal-Mart's stock room. [Doc. 95, p. 3]. "When a party seeks a new trial on the ground that evidence was improperly excluded, 'a new trial is warranted only where the error has caused substantial prejudice to the affected party.'" *James v. Terex USA, LLC*, --- F. App'x ----, 2021 WL 2137599, at *2 (11th Cir. 2021) (quoting *Peat, Inc. v. Vanguard Rsch., Inc.*, 378 F.3d 1154, 1162 (11th Cir. 2004)).

During its case-in-chief, Wal-Mart called its current store manager, Shelly Brake, as a witness. [Doc. 95, p. 1]. Plaintiff asserts that Ms. Brake (on direct examination) testified that it was Wal-Mart's policy for the stock room to be maintained in compliance with OSHA standards.[2] [*Id.* at p. 3]. Plaintiff seized on Ms. Brake's mention of OSHA standards and sought to introduce an OSHA regulation to ostensibly convey to the jury that Wal-Mart's stock room was not OSHA compliant. Candidly, Plaintiff admits that this regulation was not listed as one of her potential trial exhibits, but she still argues that "inadmissible extrinsic evidence is admissible on redirect as rebuttal evidence, when defense counsel has opened the door to such evidence during cross-examination." [*Id.* (quoting *United States v. West*, 898 F.2d 1493, 1500 (11th Cir. 1990))].

When Plaintiff tried to question Ms. Brake about the OSHA regulation, Wal-Mart objected because it had never seen it before. [Doc. 98, Transcript of Proceeding, p. 2:16–20]. Plaintiff's response was that "[t]he door was opened by [Wal-Mart] regarding

---

[2] Ms. Brake flatly denied that was her testimony. [Doc. 98, Transcript of Proceeding, p. 3:6].

2

OSHA guidelines" which are "static," "stable[,]" and "published." [*Id.* at pp. 2:21—3:1]. Asserting that Ms. Brake testified that Wal-Mart had to keep its premises "in compliance with OSHA," Plaintiff argues that she should have been given the opportunity to "rebut her contradictory testimony."[3] [*Id.* at p. 5:15–18]; [Doc. 95, p. 3]. However, because Plaintiff didn't file the necessary portions of the transcript on the record and use those portions to support her argument, she has failed to demonstrate that the Court's decision to exclude the OSHA[4] regulation caused her substantial prejudice. *James*, 2021 WL 2137599, at *2.

Continuing on, "[a] judge should grant a motion for a new trial when the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even

---

[3] Plaintiff has not shown what testimony she believes she could have rebutted or how the Court's decision to disallow such questioning caused her substantial prejudice. Without a transcript detailing Ms. Brake's responses to the questions asked by Wal-Mart during direct examination, there is nothing to show what testimony, if any, could have been contradicted by the OSHA regulation. Ms. Brake's actual, direct-examination responses are essential given that the only transcript currently before the Court shows that she verbally opposed Plaintiff's summarization of her trial testimony. [Doc. 98, Transcript of Proceeding, p. 3:6]. Although the Court could have required the court reporter to produce a more complete transcript of the necessary and obviously relevant portions of the trial proceeding, to front that expense for Plaintiff and to supply a more fully-developed factual basis to support her motion would be fundamentally unfair and well outside of the Court's duty. In short, without knowing the precise testimony Plaintiff contends she should have been given the opportunity to rebut, she has provided no support for her motion. What's more, she offered nothing in reply to this same point raised by Wal-Mart in its Response [Doc. 99] brief opposing her motion. *See* [Doc. 99, p. 3]; LR 7.3, MDGa.

[4] As the Court discussed with the parties at its sidebar during trial, the Occupational Safety and Health Act of 1970, by its plain language, only "imposes a duty on *employers*" with respect to "places of employment." *Jeter v. St. Regis Paper Co.*, 507 F.2d 973, 976–77 (Former 5th Cir. 1975) (emphasis added); 29 U.S.C. § 662; *see also* [Doc. 98, Transcript of Proceeding, pp. 5:15—7:15]. The OSHA regulation, therefore, simply doesn't apply to Plaintiff in this case because Wal-Mart was not her employer. Even if Plaintiff's status as an invitee on behalf of Middle Georgia Food Bank could somehow extend OSHA protection to her, "[n]owhere in the language of the Act, its legislative history, or in the statutory declaration of purpose and policy in the Act itself is there the slightest implication that Congress considered OSHA [to] creat[e] a private right of action for violation of its terms." *Jeter*, 507 F.2d at 976–77.

3

though there may be substantial evidence which would prevent the direction of a verdict." *Tracy v. Fla. Atl. Univ. Bd. of Trs.*, 980 F.3d 799, 811 (11th Cir. 2020) (quoting *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001)). However, "[b]ecause it is critical that a judge does not merely substitute his judgment for that of the jury, new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence." *Id.*

Regardless of whether OSHA applies to Plaintiff as someone who is not Wal-Mart's employee, *see* n.4, *supra*, her motion is rooted in the assumption that the jury might have reached a different verdict had she been allowed to show that Wal-Mart's stock room fell short of what OSHA requires. Had Plaintiff successfully extracted such testimony from Ms. Brake, Plaintiff assumes that the jury would have inferred the obvious—if Wal-Mart violated OSHA, then that violation might've caused Plaintiff's injuries.

Even if the Court had permitted Plaintiff to question Ms. Brake about Wal-Mart's supposed noncompliance with the OSHA regulation, the jury's verdict wasn't against the "great . . . weight of the evidence." *Lipphardt*, 267 F.3d at 1186. Numerous exhibits depicting how the entrance to the stock room looked on the day of the incident were submitted for the jury's consideration. They all showed a large box on a pallet beside one of the doors blocking that door's ingress and egress into Wal-Mart's stock room.

Clearly, the box wasn't supposed to be there, and the jury knew as much. However, even considering these numerous exhibits, the jury—in a little over an hour and a half—returned a verdict in favor of Wal-Mart. [Doc. 90, pp. 1–2]. Although the jury had the option to allocate fault between Plaintiff and Wal-Mart, they chose to allocate no fault to Wal-Mart while knowing—through other admitted evidence—the location of the box beside the stock room door. The jury had all the evidence it needed to find Wal-Mart liable, but it didn't. Rather, it unanimously found that this incident was solely Plaintiff's fault. So, the Court's evidentiary ruling to exclude the OSHA regulation neither produced a "substantial prejudicial effect" nor established a "manifest injustice" to warrant a new trial. *Tracy*, 980 F.3d at 812 (quoting *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1286 (11th Cir. 2001)). For these reasons, the Court **DENIES** Plaintiff's Motion for New Trial [Doc. 95].

**SO ORDERED**, this 14th day of July, 2021.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**